DOUGLAS E. MCKINLEY, JR., WSBA #20806
8350 W Grandridge Blvd
Suite 200-431
Kennewick, Washington 99336
Phone 628-0809
Email: doug@mckinleylaw.com

Attorney for Defendant

United States District Court
Eastern District of Washington
Before the Hon. Salvador Mendoza, Jr.

| | |
|---|---|
| United States of America,<br><br>                    Plaintiff,<br><br>v.<br><br>Ivan Renteria Castillo.<br><br>                    Defendant. | No. 4:19-CR-6049-SMJ-1<br><br>Defendant Castillo's Motion in Limine<br><br>April 2, 2019 at 9:30 AM<br>*With oral argument* |

## A.   Relief Requested

Defendant Ivan Renteria Castillo moves the Court for an order requiring the Government to refrain from mentioning—by reading the Indictment, during jury selection, in opening statement, or closing argument— and to refrain from offering into evidence or soliciting any testimony from any witness, regarding any

Defendant Castillo's Motion in Limine- 1

prior alleged activities of the Defendant, criminal or otherwise, prior to his return to the United States in June of 2019.

B.  Factual Statement

The government has set forth numerous allegations related to Mr. Castillo's activities. These activities can be neatly divided into two periods, those which occurred prior to June of 2019, where the government alleges that Mr. Castillo was in Grant County Washington and Nampa, Idaho, and then later in Mexico, and those which occurred subsequent to June of 2019, when the government alleges that Mr. Castillo returned to the United States and was in California, Oregon, and Washington.

Notably, the specific facts upon which the government's criminal charges rest occurred after his return to the United States in June of 2019. The government has not charged Mr. Castillo with any crimes related to Mr. Castillo's alleged activities prior to June of 2019, either in Mexico or in the United States.

Nevertheless, the government has set forth numerous allegations related to Mr. Castillo's activities prior to his return to the United States in 2019 in its affidavit in support of criminal complaint, ECF 1-1 and in various applications for warrants filed by the government. The specific allegations of Mr. Castillo's activities set forth by the government include the following:

Defendant Castillo's Motion in Limine- 2

a) In October 2018 Alice Rodgers of the Southeast Washington Safe Streets Task Force (SEWSSTF) began investigating Mr. Castillo.

b) In October 2018 a Confidential Human Source (CHS) allegedly provided information that Mr. Castillo had offered the CHS kilo quantities of cocaine and methamphetamine, and Mr. Castillo allegedly showed the CHS a kilo of cocaine.

c) On November 13 2018 (218-mj-00321-JTR) and December 20 2018 (218-mj-00385-JTR) SEWSSTF applied for and was granted GPS tracking warrants authorized by United States Magistrate Judge John T Rodgers.

d) During December 2018 and January 2019 SEWSSTF tracked Mr. Castillo in the Eastern District of Washington and the District of Idaho.

e) On January 8 2019 Mr. Castillo was tracked to the Nampa, Idaho area where Mr. Castillo was observed entering a residential property that was the target of a local drug investigation. Mr. Castillo was allegedly observed taking two plastic grocery bags into the residence. Mr. Castillo was contacted and detained by Immigration and Customs Enforcement ICE for Mr. Castillo's immigration status.

f) At some juncture, Alice Rodgers contacted TFO Ryan Bonner Treasure Valley Metro Violent Crimes Task Force (TVMVCTF) in the Nampa Boise Idaho area to attempt to locate Mr. Castillo.

Defendant Castillo's Motion in Limine- 3

g) TFO Bonner informed Ms. Rodgers of the following: that Mr. Castillo was in the Nampa Idaho area driving a green Toyota Carmy bearing Washington license BKC2715. That members of the TVMVCTF observed Mr. Castillo entering 11819 West Huckleberry Dr., Nampa ID. That this residence was a target residence in a local drug investigation. That Mr. Castillo was photographed carrying two filled plastic grocery bags into the residence. That shortly after observing Mr. Castillo enter into the residence with the bags, members of the TVMVCTF observed Mr. Castillo exiting the residence and entering the Toyota Camry. That Caldwell ID Police Department officers initiated a traffic stop and confirmed it was Mr. Castillo from a Mexican identification card. Mr. Castillo consented to a search of his pockets and was in possession of $6,759.00 in US Currency.

h) According to the TVMVCTF reports supplied to Ms. Rodgers, a K9 was applied to the outside of the vehicle and indicated a positive alert for the odor of narcotics Mr. Castillo consented to the search of the vehicle Officers located a digital scale in the driver side door panel Officer also noted numerous loose panels in the car that led to empty compartments. Notably, no drugs were located

i) Mr. Castillo was then detained by US Immigration and Customs Enforcement relating to Mr. Castillo's immigration status. On January 15 2019 Mr. Castillo was indicted in the District of Idaho 19-mj-10324-CVVD for being a

Defendant Castillo's Motion in Limine- 4

Deported Alien Found in the United States. On April 5 2019 Mr. Castillo was sentenced to credit for time served with no supervised release. Mr. Castillo was subsequently removed to Mexico on April 12 2019.

j) On January 10 2019 a Cooperating Defendant (CD1) provided information that the CD1 was present at the Nampa Idaho area target residence when a Hispanic male that only spoke Spanish arrived from out of state and dropped off two plastic grocery bags that CD1 "believed" each contained four pounds of methamphetamine.

k) In January 2019 TFO Ryan Bonner reported to Ms. Rodgers that he interviewed CD1. CD1 was the occupant of a vehicle that was stopped by law enforcement on January 8 2019 leaving the aforementioned address of 11819 West Huckleberry Dr Nampa ID. CD1 represented he was present at 11819 Huckleberry Dr Nampa ID on January 8 2019 and was allegedly aware of an individual from out of state who arrived at that address although CD1 stated he was not allowed to be present in the same room. Despite the fact that CD1 was not allowed to be present in the same room, CD1 allegedly stated the out of state person was allegedly there to deliver a large amount of methamphetamine and described that this person brought in two bags which allegedly contained approximately four pounds of methamphetamine in each bag. CD1 further described this out of state person as allegedly only speaking Spanish. CD1 was

Defendant Castillo's Motion in Limine- 5

shown a photo of Ivan Mr. Castillo. Importantly, CD1 was unsure if that was the same person who arrived at the residence.

l)     Mr. Castillo was never charged with any crime related to the alleged methamphetamine in Idaho.

m)    On January 15, 2019, Mr. Castillo was indicted for being a Deported Alien found in the United States, and on April 12, 2019, Mr. Castillo was removed to Mexico.

n)     In August of 2019, the government allegedly tracked Mr. Castillo's movements from Orland, California to Mesa Washington, where law enforcement officers allegedly located over 500 grams of methamphetamine in a white 2014 Kia Optima in which Mr. Castillo was allegedly traveling with two other individuals.

o)     Mr. Castillo was then charged with possession with intent to distribute the over 500 grams of methamphetamine found in the white Kia Optima.

### C.   Authority

Defendant's motion is based on FRE 403, FRE 404(b)(1), FRE 602, and FRE 802.

FRE 403. "Excluding Relevant Evidence for Prejudice, Confusion, Waste of Time, or Other Reasons" states:

Defendant Castillo's Motion in Limine- 6

> The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence.

FRE 404 (b) "Crimes, Wrongs, or Other Acts" states:

> Prohibited Uses. Evidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character.

FRE 602. "Need for Personal Knowledge" states:

> A witness may testify to a matter only if evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter. Evidence to prove personal knowledge may consist of the witness's own testimony. This rule does not apply to a witness's expert testimony under Rule 703.

FRE 802 "The Rule Against Hearsay" states:

> Hearsay is not admissible unless any of the following provides otherwise:
> a federal statute;
> these rules; or
> other rules prescribed by the Supreme Court.

## D.  Analysis

FRE 403 provides that the court may exclude relevant evidence if its probative value is substantially outweighed by, among other things, a danger of unfair prejudice, confusing the issues, and misleading the jury. All events prior to June of 2019 create a danger of unfair prejudice, confusing the issues, and potentially misleading the jury. Mr. Castillo is not on trial for the alleged possession of cocaine in Moses Lake in 2018, nor has the government alleged that such

Defendant Castillo's Motion in Limine- 7

possession is related to the question of whether Mr. Castillo possessed methamphetamine in August of 2019. Similarly, Mr. Castillo is not on trial for alleged possession and delivery of methamphetamine in Nampa Idaho in January of 2019, nor has the government alleged that this allegation is relevant to the question of whether Mr. Castillo possessed methamphetamine in August of 2019. Finally, Mr. Castillo's conviction for being a Deported Alien found in the United States in April of 2019 is not logically related to the current charge of possessing methamphetamine in August of 2019.

    Testimonial or other evidence of any of these matters therefore adds nothing to the question of whether Mr. Castillo is guilty of the acts that form the basis of the government's indictment, all of which allegedly occurred in August of 2019. Testimonial or other evidence of any of these matters would thus serve only to invite the jury to punish Mr. Castillo for these prior acts, or to infer that these prior acts should be considered in determining Mr. Castillo's innocence or guilt. thereby confusing the legal significance of these prior acts with the government's ability to prove the current allegations, and misleading the jury into assuming that these prior acts somehow relate to the facts the government must prove to establish the alleged acts occurring in August of 2019.

    A similar analysis applies under FRE 404 (b) "Crimes, Wrongs, or Other Acts." The government is prohibited from introducing evidence of a crime, wrong, or

Defendant Castillo's Motion in Limine- 8

other act to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character. None of Mr. Castillo's alleged possession of cocaine in Moses Lake in 2018, alleged possession and delivery of methamphetamine in Nampa Idaho in January of 2019, and his conviction for being a Deported Alien found in the United States in April of 2019, are related to the current charge that Mr. Castillo possessed methamphetamine in August of 2019. Instead, they are classic "bad acts" that are prohibited under the plain language of FRE 404 (b).

FRE 602. "Need for Personal Knowledge" requires that a witness may testify only if the witness has personal knowledge of the matter. The government is relying on second hand information to establish most of the acts that occurred in Moses Lake and Idaho, prior to June of 2019. Certainly, no law enforcement officer should be permitted to testify about what another law enforcement agent and/or a confidential source told them, as is the case with Mr. Castillo's alleged possession of cocaine in Moses Lake. With respect to the alleged delivery of methamphetamine in Idaho, the government's own description of the government's confidential source makes plain that the confidential source was "not in the room" when the alleged methamphetamine was allegedly delivered, and the confidential informant could not positively identify Mr. Castillo. By the government's own admission, the government's confidential source therefore

Defendant Castillo's Motion in Limine- 9

lacked first hand knowledge not just of Mr. Castillo, but also of the delivery, or even the existence, of the methamphetamine in Idaho, and the government has failed to identify a single witness who possesses such first hand knowledge.

In a similar vein, the government's criminal complaint, ECF 1-1, relies heavily on the affiant's repetition of statements made by other law enforcement agents and confidential informants. FRE 802 bars all such testimony by the affiant as heresay.

### E.  Conclusion

Defendant respectfully moves the Court for an order requiring the Government to refrain from mentioning and/or offering into evidence or soliciting any testimony from any witness, regarding any prior alleged activities of the Defendant, criminal or otherwise, prior to his return to the United States in June of 2019. For the reasons set forth herein, any such testimony and evidence is barred by FRE 403, FRE 404(b), FRE 602 and FRE 802.

A proposed order is filed herewith.

Dated: March 2, 2020           Respectfully Submitted,

s/Douglas E. McKinley, Jr.
DOUGLAS E. MCKINLEY, JR., WSBA #20806
Attorney for Defendant
8350 W Grandridge Blvd
Suite 200-431
Kennewick, Washington 99336
Phone 628-0809
Email: doug@mckinleylaw.com

Defendant Castillo's Motion in Limine- 10

## SERVICE CERTIFICATE

I certify that on March 2, 2020, I electronically filed the foregoing ***Defendant Castillo's Motion in Limine*** with the District Court Clerk using the CM/ECF System, which will send notification of such filing to the following:

Stephanie Van Marter, Attorney for Plaintiff

s/Douglas E. McKinley, Jr.
DOUGLAS E. MCKINLEY, JR., WSBA #20806
Attorney for Defendant
8350 W Grandridge Blvd
Suite 200-431
Kennewick, Washington 99336
Phone 628-0809
Email: doug@mckinleylaw.com

Defendant Castillo's Motion in Limine- 11