FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jul 29, 2020

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　Plaintiff,<br><br>　v.<br><br>IVAN RENTERIA CASTILLO (01),<br><br>　　　　　　　Defendant. | No.　4:19-cr-06049-SMJ-01<br><br>**ORDER GRANTING MOTION FOR RECONSIDERATION** |

Before the Court, without oral argument, is the Government's "Motion to Reconsider Dismissal of Count 2," ECF No. 118. The Government seeks reconsideration of the Court's Order granting in part Defendant's Motion to Dismiss, ECF No. 85. *Id.* Defendant is opposed to reconsidering the motion. ECF No. 133. The Court directed the parties to file supplemental briefing on the issue of prejudice to the Defendant, which they have submitted. ECF Nos. 142, 147, 148, 151, 152 & 153. Having reviewed the file and relevant legal authorities, the Court is fully informed and grants the Government's motion.

## BACKGROUND

Defendant Ivan Renteria Castillo (01), Co-Defendant Duviel Humberto Solares Gastelum (02), and a witness, Efrain Carillo Gonzalez ("Carillo"), were

ORDER GRANTING MOTION FOR RECONSIDERATION – 1

1 arrested after traveling from Los Angeles to Mesa, Washington on August 9, 2019.
2 ECF No. 85 at 2. Co-Defendant Gastelum and Carillo had traveled together to Los
3 Angeles, California and stayed in a hotel there for approximately two days. *Id.* at 3.
4 Co-Defendant Gastelum and Carillo were only apart once during this trip—while in
5 Los Angeles, Co-Defendant left the hotel for about one hour, during which period
6 he told Carillo to stay in the hotel. *Id.* While he was with Co-Defendant, Carillo
7 heard Co-Defendant talking on the phone frequently in multiple short calls that
8 Carillo believed were in a code and were discussions about transporting narcotics.
9 *Id.* When Co-Defendant and Carillo left Los Angeles, they picked up Defendant
10 Renteria Castillo on the side of the road near a gas station north of Los Angeles. *Id.*
11 at 5. Defendant only had a small plastic bag when they picked him up. *Id.*

12 When the vehicle stopped in Mesa around 2:00 P.M., Co-Defendant Gastelum
13 and Carillo were detained for immigration violations. ECF No. 85 at 2. Authorities
14 did not locate Defendant at that time but found him hiding in a field around 8:45
15 P.M. that evening. ECF No. 85 at 2; ECF No. 94 at 5. In a sealed response to
16 Defendant's motion, the Government also submitted evidence that prior to the events
17 in August of 2019, Defendant's activities were under investigation. *See* ECF No. 94
18 at 3–5. The investigation included tracking Defendant Renteria Castillo's cell phone
19 location. *Id.* at 4.

20 After their arrest, law enforcement executed a search warrant on the vehicle

ORDER GRANTING MOTION FOR RECONSIDERATION – 2

in which Defendant Renteria Castillo, Co-Defendant Gastelum, and Carillo were traveling and found ten packages of methamphetamine in the trunk. ECF No. 85 at 5. Officers interviewed Carillo on August 12, 2019 and removed him to Mexico on October 7, 2019. ECF No. 85 at 2–3, 6. A criminal complaint was filed against Defendant and Co-Defendant on August 14, 2019. ECF No. 1. Defendant Renteria Castillo was charged with one count of conspiracy to distribute 50 grams or more of actual methamphetamine and five kilograms or more of cocaine in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A)(ii), (viii) and one count of possession with the intent to distribute 50 kilograms or more of actual methamphetamine in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A)(viii). ECF No. 1.

Defendant Renteria moved to dismiss the indictment because the Government deported Carillo, whom Defendant asserts would have given material and favorable testimony for Defendant. ECF No. 85. The Court heard oral argument and granted the motion in part as to count two of the indictment, finding the Government had deported a witness whose testimony would have corroborated Defendant's theory that he did not know there was methamphetamine in the vehicle in which he was traveling. ECF No. 115. On June 11, 2020, Carillo appeared on a Material Witness Complaint and was detained. ECF No. 121. On the same day, the Government filed a Motion to Reconsider Dismissal of Count 2. ECF No. 118.

On July 1, 2020, Carillo filed a motion to invoke his Fifth Amendment

ORDER GRANTING MOTION FOR RECONSIDERATION – 3

Rights. ECF No. 144. However, at the hearing on the motion, the Government and Carillo represented that they had executed an agreement for "use" immunity for Carillo's testimony, and the Court denied the motion as moot. *See* ECF No. 151. The Court also directed Defendant Renteria Castillo and the Government to file supplemental responses on the Government's Motion to Reconsider Dismissal of Count 2. *Id.* at 2.

**LEGAL STANDARD**

Under the Local Criminal Rules, motions for reconsideration are disfavored and will ordinarily be denied "in the absence of a showing of manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to its attention earlier with reasonable diligence. LCrR 12(c)(5).

**DISCUSSION**

The Government's motion does not specify the grounds for reconsideration. *See* ECF No. 118. However, it is clear from the motion that the Government seeks reconsideration on the basis of new facts, specifically that the witness who was deported has been found in the United States and is being detained as a material witness in this matter. *See id.* Defendant argues that the Government failed to represent in its prior filings that it was attempting to locate Carillo and that the motion fails to show the Government could not have located Carillo with reasonable diligence because it does not provide specific details of the search for Carillo. ECF

No. 133 at 2–4. Defendant also argues that the delay in locating Carillo has resulted in prejudice to the defense because the passage of time will result in Carillo's memory deteriorating and because the events related to the witness's current detention render it likely that Carillo will decline to be interviewed. *Id.* at 5–7. The Government replied with a detailed description of the attempts to locate Carillo after Defendant indicated his intent to interview the witness. ECF No. 135 at 1–6.

In Defendant's supplemental brief, filed after interviewing Carillo, he asserts he has been prejudiced for three reasons: (1) "the Government's actions dictated the manner in which Defendant could access this witness," (2) the passage of time has diminished Carillo's recollection and resulted in his confusion over the timeline of events, and (3) Defendant sought continuances while defense counsel attempted to locate this witness to interview him and the resulting delay compounded with delays associated with the Coronavirus Disease 2019 (COVID-19) pandemic have caused significant delays to his trial. ECF No. 152.

The legal standard that applied to the original Motion to Dismiss focuses on the constitutional violation caused when the Government deports a witness with evidence material to the defense. The Ninth Circuit balancing test to determine whether a Defendant's constitutional rights have been violated requires a showing of (1) bad faith and (2) prejudice. *United States v. Dring*, 930 F.2d 687, 693 (9th Cir. 1991). The Court has already determined that this two-factor test was met and

that the Government violated Defendant's Sixth Amendment right to compulsory process for obtaining witnesses in his favor by deporting Carillo. ECF No. 115 at 9. The question is thus whether the new evidence would change this determination. The Court finds it does.

The new evidence has no bearing on the first issue, bad faith. *See Leal-Del Carmen*, 697 F.3d at 970 ("The question of bad faith thus turns on what the government knew at the time it deported the witness."). The central inquiry is prejudice. The legal standard for a motion to dismiss where the Government has deported a material witness focuses on whether the testimony itself would have been material and favorable to the defense. *Id.* The Court has already determined that the witness's testimony would be material and favorable to the Defense, and Carillo's presence in custody does not impact this finding. ECF No. 115 at 7–9.

This legal standard assumes that the witness is no longer in the United States and the testimony is therefore unavailable. *See United States v. Leal-Del Carmen*, 697 F.3d 964, 970 (9th Cir. 2012). Neither party cites precedent where a witness was deported and later located, nor has the Court located any. *See* ECF Nos. 118, 133, 135, 147, 148 & 152. Because Carillo is now in the United States and has been interviewed by Defendant, the primary impact of the Government's deportation of Carillo is in the resulting delays to the case. Indeed, two of the arguments presented by Defendant as to prejudice arise directly from the delays to the case. *See* ECF

ORDER GRANTING MOTION FOR RECONSIDERATION – 6

No. 152 at 2–3. The Court therefore finds it instructive to look to precedent on the prejudicial impacts of delay.

The Court is particularly concerned where a delay hinders Defendant's ability to mount an effective defense because "the inability of a defendant adequately to prepare his case skews the fairness of the entire system." *Doggett v. United States*, 505 U.S. 647, 657–58 (1992) (discussing forms of prejudice that can result from post-indictment delay). Within the context of the Sixth Amendment right to a speedy trial, prejudice caused by "the possibility that the [accused's] defense will be impaired by dimming memories and loss of exculpatory evidence" raises particular concerns because excessive delays may "compromise[] the reliability of a trial in ways that neither party can prove or, for that matter, identify." *Id.* In that context, the Court presumes prejudice where the delay is great and attributable to the government." *United States v. Shell*, 974 F.2d 1035, 1036 (9th Cir. 1992) (citing *Doggett*, 505 U.S. at 657–58). Under case law for speedy trial delays, "[a]lthough there is no bright-line rule, courts generally have found that delays approaching one year are presumptively prejudicial." *United States v. Gregory*, 322 F.3d 1157, 1161–62 (9th Cir. 2003).

Here, the issue before the Court is not a post-indictment delay, but rather delays caused by the Government's deportation of a witness who could offer exculpatory testimony that would be material to the defense. Thus, the Court's

ORDER GRANTING MOTION FOR RECONSIDERATION – 7

concern over reinstating the charge is heightened because the Court has already found that the Government engaged in bad faith when it deported a witness with exculpatory evidence. Even so, the Court cannot find that the approximately eight-month delay between deporting the witness and relocating the witness has resulted in prejudice to the Defendant.

Defendant also asserts that "[t]rial continuances were sought by his counsel to investigate his case—one of the key investigative goals was to interview this witness." ECF No. 152 at 3. Indeed, the filings associated with one of the motions to continue support this assertion. *See* ECF No. 59 ("[M]y lawyer and investigator need additional time to locate a critical witness and possibly draft motions based on the outcome of that search."); ECF No. 60 (same). However, the resulting delays, including the defense team's search for the witness and the time required to resolve the motion to dismiss, are encapsulated within the eight-month delay between the deportation of the witness and his detention as a material witness. Because an eight-month delay falls below the standard to establish presumptive prejudice, the Court finds the delay itself does not establish prejudice. Thus, Defendant must make a specific showing of prejudice resulting from the delay.

Defendant also asserts that comparing Carillo's answers during his July 16, 2020 interview to his August 2019 and June 2020 interviews shows Carillo's answers were less detailed and he more frequently indicated he did not know or did

ORDER GRANTING MOTION FOR RECONSIDERATION – 8

not remember certain facts. ECF No. 152 at 2. However, it is not clear why Carillo's memory would have diminished between June 2020 and July 2020 and Defendant does not assert that there was a decrease in detail between the August 2019 and June 2020 interviews.[1] *See id.* at 2. Although Defendant cites certain areas of confusion during Carillo's interview, the Court does not find that the minimal lapses in memory evidenced by Defendant amount to prejudice to Defendant's case. As such, the Court finds Defendant has not shown prejudice related to Carillo's diminished memory.

Finally, Defendant argues he has been prejudiced because the Government has "dictated the manner in which Defendant could access this witness." *Id.* at 2. However, Defendant's statement that "[h]ad the witness not been deported in October 2019, it is very likely that he would have agreed to an informal interview" is speculative. *Id.* It is not clear that Carillo would have acquiesced to such a request by Defendant. Moreover, Defendant has had access to Carillo and there is no evidence before the Court that Carillo will be unavailable to testify at trial. As such, the Court finds that Defendant has not been prejudiced by the Government's

---

[1] The Court understands this may be due to the fact that Defendant has not yet had the transcript of the June 2020 interview translated to English. However, Defendant attached a summary of the June 2020 interview that includes highly detailed descriptions of events. ECF No. 147-1. Therefore, it does not appear there was a deterioration in Carillo's recollection between the August 2019 and June 2020 interviews.

ORDER GRANTING MOTION FOR RECONSIDERATION – 9

deportation of Carillo because Carillo has been located and has been interviewed by Defendant.

Accordingly, **IT IS HEREBY ORDERED**:

1. The Government's Motion to Reconsider Dismissal of Count 2, **ECF No. 118**, is **GRANTED**.

2. Count two of the Superseding Indictment is **REINSTATED** as to Defendant Renteria Castillo (01).

**IT IS SO ORDERED.** The Clerk's Office is directed to enter this Order and provide copies to counsel for Defendant Ivan Renteria Castillo (01) and the Government.

**DATED** this 29th day of July 2020.

_____
SALVADOR MENDOZA, JR.
United States District Judge

ORDER GRANTING MOTION FOR RECONSIDERATION – 10